## LUIS MUÑOZ RIVERA, Plff.,

*v.*

## LA CORRESPONDENCIA DE PUERTO RICO ET AL., Dfts.

San Juan, Law, Nos. 1082, 1084.

ON MOTION TO REMAND.

Remand—Removals—Jurisdiction—Consuls.

    1. By § 24, ¶ 18, of the Judicial Code, jurisdiction of suit against consuls and vice consuls is conferred upon the district court of the United States, under art. III., § 2, of the Constitution, and

NOTE.—As to jurisdiction of civil actions against consuls, see note in 45 L.R.A. 579.

Rivera v. La Correspondencia de Puerto Rico.

therefore a motion to remand will be refused where a case has been removed from an insular court and it is shown from the papers that the petition for removal is on behalf of the Spanish consul, other grounds of objection in the form of irregularities to the motion to remand notwithstanding.

Controversy between Citizens of Different States—Removals.

    2. Section 28 of the Judicial Code indicates that a suit may be removed where there is a controversy which is wholly between citizens of different states and which can be fully determined as between them.

Translation of Record on Removal.

    3. If the original record is filed with the petition for removal but the translation thereof has not been filed within thirty days, this latter irregularity does not affect the merits of the case and will not be considered.

Opinion filed December 2, 1915.

*José de Diego* and *Miguel Guerra* for plaintiff.

*Willis Sweet* for defendant.

HAMILTON, Judge, delivered the following opinion:

This is a case which originated in the local district court of San Juan, and appears to be a suit for an alleged libel. The defendant made an application for removal on June 1, 1915, or thereabouts, gave the necessary bond, and filed a transcript of record in Spanish in this court on July 21, 1915. On August 11, 1915, a motion was made by the plaintiff to remand. It sets up a number of objections, and although I have not had the advantage of briefs of counsel, I think I can properly pass upon the points involved.

Rivera v. La Correspondencia de Puerto Rico.

The procedure is under the general removal statute embraced in the Judicial Code, §§ 28 to 39, being taken, of course, from the Revised Statutes very largely, § 647, etc. This allows a motion to remand where the case is improperly transferred. We will take up the several allegations of the motion.

1. In the first place, the motion is based upon the alleged ground that plaintiff's complaint does not state any facts showing that there is a Federal question involved. It would seem that the papers show that the petition for removal is on behalf of the Spanish consul, and it would appear from the Judicial Code, § 24, ¶ 18, that jurisdiction of suits against consuls and vice consuls is conferred upon the district court of the United States. This is under the Constitution, art. III. § 2. No reason is shown in the petition why that section does not apply, so it will not be necessary to take up other grounds of jurisdiction which may exist.

2. Another series of objections set up in the motion to remand consists in irregularities,—for instance, that there was no notice of a petition for removal. Irregularities of that sort will not be considered now. If the defendant has a ground of removal, the other side has now an opportunity to set up any lack of jurisdiction, and mere preliminary irregularities would not be considered.

3. Another ground of the motion is that the suit is not separable; that one defendant is subject to the jurisdiction of the local court, and that the suit is not divisible. This does not seem to be a good ground. As to how much of the suit is removed would probably come up on the pleadings when they are reformed; but § 28 of the Judicial Code indicates that a suit may be removed when there is a controversy which is wholly

Rivera v. La Correspondencia de Puerto Rico.

between citizens of different states and which can be fully determined as between them, and it may be remanded as to certain parties; but that does not seem to be this case, and the point does not seem to be well taken. That is set out in two or three forms in the objections.

4. Another ground set out is that the defendant has not filed in this court a certified copy of the record. As stated, however, it is not correct. The original record was filed as the basis of this whole proceeding. If it means there was no translation filed within thirty days, that appears to be true. The translation appears to have been filed October 6th, which is after the motion, but this also is at most an irregularity which does not affect the merits of the case, and could not be considered at this time.

5. On the whole, it appears that there is no ground shown for remanding, and, even if the court is mistaken in this, it would not be a serious error, because under § 37 of the Judicial Code anything showing that the court has not jurisdiction can be set up during the progress of the case. It seems, therefore, that the motion to remand should be refused, and it is so ordered.

The same ruling applies to the case of Luis Muñoz Rivera v. Benito Zalduondo et al, No. 1082.